IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PHILLIP A. PLUMMER, <br><br> Defendant. | No. 24-CR-4069-LTS-KEM <br><br> **ORDER SCHEDULING PLEA HEARING** |

At Defendant Phillip A. Plummer's request (Doc. 34), the court schedules a plea hearing for **Monday, February 10, 2025, at 1:30 p.m.**, First Floor Courtroom, 320 6th Street, Sioux City, Iowa, before Chief United States Magistrate Judge Kelly K.E. Mahoney. The parties must comply with Judge Mahoney's Standing Order Regarding Guilty Pleas issued January 27, 2021 (attached). Any party who objects to the entry of a guilty plea before a United States Magistrate Judge must notify the court immediately.

The court strikes the final pretrial conference hearing and jury trial for this Defendant, scheduled for March 31, 2025, and the trial-related deadlines and status report deadlines. The time from the date of this order to the date of the plea hearing is excluded under the Speedy Trial Act.[1]

**SO ORDERED** on January 27, 2025.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[1] *See* **18 U.S.C. § 3161(h)(1)**; *United States v. Mallett*, 751 F.3d 907, 912 (8th Cir. 2014) (holding that "a party's submission—whether express or implied, formal or informal—. . . . to set a change of plea hearing" suspends the speedy trial clock (internal quotation marks and citations omitted)).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN THE MATTER OF

GUILTY PLEAS BEFORE
CHIEF UNITED STATES
MAGISTRATE JUDGE
KELLY K.E. MAHONEY

**STANDING ORDER**
(Issued January 27, 2021)

_____

    IT IS **ORDERED** that the following procedures shall apply to guilty plea proceedings before Chief United States Magistrate Judge Kelly K.E. Mahoney:

1. The Court will not schedule a change of plea hearing before Magistrate Judge Mahoney unless the party seeking to schedule the hearing represents that (a) defendant has consented to having a magistrate judge preside over the hearing, and (b) any plea agreement between the parties has been finalized and will be fully executed by both the defendant and the government prior to the plea hearing.

2. A lawyer representing a defendant at a guilty plea proceeding will not be permitted to use the time scheduled for the plea hearing to prepare the defendant for the taking of the guilty plea. The preparations for a guilty plea hearing are to be completed as soon as practicable, but not later than the day before the plea hearing. This requirement applies in all cases, including cases involving interpreters.

3. **Detention status pending sentencing:** No later than **three business days prior to the plea hearing**, a party should notify chambers and opposing counsel if the party intends to seek a change in Defendant's detention status or to present evidence on the issue of detention pending sentencing. The party should provide an estimate of the number of anticipated witnesses and the length of time needed to present evidence. The Court may schedule a separate detention hearing.

4. **Consent to proceed before magistrate judge:** By 12:00 p.m. on the last business day prior to the plea hearing, the defendant should file with the court a written consent to proceed before a magistrate judge. This form can be located on the Northern District of Iowa web page: www.iand.uscourts.gov, Attorney Info, Forms.

1

5. **Copy of plea agreement:** By 12:00 p.m. on the last business day prior to the plea hearing, the government should provide the Court and opposing counsel, by email (to ecfmail@iand.uscourts.gov and to Judge Mahoney's Judicial Assistant), a copy of the written plea agreement (where there is one). The plea agreement will be addressed at the plea hearing regarding whether it will be filed as an exhibit and/or whether it will be sealed.

6. **Rule 11 letter:** By 12:00 p.m. on the last business day prior to the plea hearing, the government should provide the Court and opposing counsel, by email (to ecfmail@iand.uscourts.gov and to Judge Mahoney's Judicial Assistant), the Rule 11 letter (LCrR 11(b)). The Rule 11 letter should:

    a. Reference the source upon which the government is relying to establish the elements of the offense. When possible, the government should rely on the Eighth Circuit Pattern Criminal Jury Instructions.

    b. Identify all collateral consequences resulting from a guilty plea, including whether defendant: (a) is waiving appeal rights; (b) may be subject to deportation or other immigration consequences; (c) may have to pay restitution; (d) may have to register as a sex offender; and (e) will be forfeiting property. The letter need not include the potential penalty for violation of supervised release conditions.

    c. Set forth the factual nexus between the crime(s) of conviction and the property the government seeks to forfeit (if the government is seeking forfeiture of property as a result of the guilty plea).

    d. Inform the court whether any victims of the offense(s) wish to address the court at the hearing.

    e. Address whether detention pending sentencing is mandatory and if so, whether any exceptional circumstances may exist for the court to determine the issue of detention pending sentencing.

    The Rule 11 letter does not need to include the statutory language of the offense(s) of conviction.

If the parties have entered into a plea agreement and the plea agreement addresses each of the items listed above, the government need only provide a copy of the plea agreement, and not a Rule 11 letter, in advance of the plea hearing.

**IT IS SO ORDERED** this 27th day of January, 2021.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

3